UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGHIEM D. DANG,<br><br>    Plaintiff,<br><br>v.<br><br>L. S. McEWAN,<br><br>    Respondent. | Civil No.  11cv1955-BTM (WVG)<br><br>**NOTICE REGARDING<br>POSSIBLE DISMISSAL<br>FOR FAILURE TO SATISFY<br>FILING FEE REQUIREMENT** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which contains four claims, two of which have been presented to the California Supreme Court and two of which have not. (Pet .at 6-9.) Petitioner has also filed a Motion for Stay and Abeyance in which he indicates that he has begun the process of exhausting his state court remedies as to the two unexhausted claims by presenting them in a habeas petition in the state trial court. (Doc. No. 2.)

Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

***Petitioner is advised that in order to avoid dismissal of his case, he must either pay the $5.00 filing fee or submit an application to proceed in forma pauperis no later than October 31, 2011.*** If Petitioner does not pay the $5.00 filing fee or submit an application to proceed in

forma pauperis by **October 31, 2011**, this case will be dismissed without prejudice, and Petitioner will have to begin again by filing a new petition which may be barred by the statute of limitations.[1]

**PETITIONER IS SO NOTIFIED.**

DATED: August 31, 2011

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).
  The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993, cert. denied, 127 S.Ct (2006). However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).